**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAMON D. WEAVER,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-0714-17-0236-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: April 25, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Harvey P. Sanders, Esquire, Cheektowaga, New York, for the appellant.

Justina L. Lillis, Buffalo, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1 　　　The appellant has filed a petition for review of the initial decision, which sustained his removal under the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, 131 Stat. 862 (VA Accountability Act) (codified in relevant part, as amended, at 38 U.S.C.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

§ 714).  For the reasons discussed below, we GRANT the appellant's petition for review and REVERSE the initial decision.   The appellant's removal is REVERSED.

## BACKGROUND

¶2        Effective September 9, 2017, the agency removed the appellant from his GS-5 Medical Supply Technician position in the Sterile Processing Services Department (SPS) of the agency's Western New York Healthcare System.  Initial Appeal File (IAF), Tab 7 at 18, 22.  The agency removed the appellant pursuant to 38 U.S.C. § 714, part of the VA Accountability Act, which was enacted on June 23, 2017.  IAF, Tab 7 at 22-24.  The agency removed the appellant based on the following two charges, (1) jeopardizing patient welfare; and (2) failure to follow procedures, each of which was supported by the same four incidents.  *Id.* at 29-31.  The appellant filed an appeal with the Board challenging his removal.  IAF, Tab 1.  He did not raise any affirmative defenses.

¶3        The administrative judge merged the two charges into a single charge of jeopardizing patient welfare/failure to follow procedures, with four specifications.  IAF, Tab 7 at 29-31, Tab 21, Initial Decision (ID) at 3-4.  Specification 1 alleged as follows:  on June 22, 2017, the SPS Assistant Manager (AM) observed debris and colored fluid flowing from an endoscope that the appellant had cleaned and placed in the Medivator.[2]  She removed the endoscope from the Medivator and performed a channel check[3] on it; and the endoscope failed the channel check, indicating that it was not properly cleaned.  IAF, Tab 7 at 29.

---

[2] A Medivator is a machine used to disinfect endoscopes after they are cleaned by hand. IAF, Tab 19 at 8 n.2, Tab 20 at 6.

[3] A channel check is a test that indicates whether an endoscope contains contaminants. IAF, Tab 19 at 8 n.3, Tab 20 at 5-6.

¶4        Specification 2 alleged that the AM then asked the appellant to clean the endoscope again, and she performed another channel check.  *Id.*  The endoscope failed, indicating that it was not properly cleaned.  *Id.*

¶5        Specification 3 alleged that about 2 hours later, the AM and the day shift supervisor conducted a channel check on another endoscope that the appellant had placed in the Medivator.  *Id.*  This endoscope also failed the channel check, indicating that it was not properly cleaned, even though the appellant had documented that the equipment had been cleaned.  *Id.*

¶6        Specification 4 alleged that, based on the results of the June 22, 2017 channel checks, on June 23 and 24, 2017, the agency conducted channel checks on 30 endoscopes that the appellant had cleaned.  *Id.*  Seven of them failed the channel checks, indicating that these endoscopes were not properly cleaned, even though the appellant had documented that they had been cleaned and had passed the required channel checks.  *Id.*

¶7        After holding a hearing, the administrative judge issued an initial decision affirming the appellant's removal.  ID at 2, 8.  The administrative judge found that the agency proved all of the specifications of the merged charge except specification 2, and that it established the merged charge by substantial evidence.  ID at 7-8.

¶8        The appellant has filed a petition for review and the agency has filed a response.  Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9        In an appeal of an adverse action taken under 38 U.S.C. § 714(a), the agency must support its charges by substantial evidence.  38 U.S.C. § 714(d)(2)(A).  If the agency meets this burden, the Board may not mitigate the agency's chosen penalty, but it is nevertheless required to review the penalty as part of the agency's overall decision.  38 U.S.C. § 714(d)(2)(B), (3)(C); *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-79 (Fed. Cir. 2020).

¶10      The administrative judge found that the agency met its burden to prove Specifications 1, 3, and 4, and therefore the merged charges. ID at 6-7. In support of this finding, she explicitly credited the AM's testimony based on her demeanor. ID at 6. Specifically, the administrative judge credited the AM's testimony that (1) on June 22, 2017, an endoscope the appellant had cleaned failed a channel check, (2) later that day, the day shift supervisor performed a channel check on a second endoscope that the appellant cleaned, which also failed, and (3) because of these failures, on June 23 and 24, 2017, the AM tested 20 endoscopes the appellant cleaned, 7 of which failed the channel check. ID at 5-6. We afford these explicit demeanor-based factual findings deference.[4] *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

¶11      On review, the appellant disputes the administrative judge's findings of fact and credibility determinations, and he argues the merits of the charges. PFR File, Tab 1. We do not reach these arguments because developments in the case law after the issuance of the initial decision require that the removal be reversed. Specifically, after the initial decision in this appeal was issued, the Board and the U.S. Court of Appeals for the Federal Circuit issued precedential opinions addressing the application of the VA Accountability Act to events that occurred before the date of its enactment.

¶12      In *Sayers*, 954 F.3d at 1380-82, the Federal Circuit found that applying 38 U.S.C. § 714 to conduct occurring prior to its enactment has an impermissible

---

[4] Also, although the agency alleged in specification 4 that the AM performed channel checks on 30 endoscopes, IAF, Tab 7 at 30, whether the AM tested 20 or 30 endoscopes does not affect our finding that the agency's action must be reversed.

retroactive effect, which Congress had not authorized. Therefore, the agency may not use the VA Accountability Act to discipline an employee for matters that occurred before its effective date, June 23, 2017. *Sayers*, 954 F.3d at 1374, 1380-82. Subsequently, the court issued an opinion in *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1327-30 (Fed. Cir. 2021), addressing the section 714 removal of an employee for performance issues both predating and postdating June 23, 2017. The court in *Brenner* vacated the petitioner's removal and remanded the appeal to the Board to determine whether the agency's removal action was "supported by substantial evidence on the evidence of record that postdates the Act." *Id.* at 1330.

¶13    Finally, in *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 29, the Board addressed the section 714 demotion of an employee based on alleged neglect of duty both predating and postdating the effective date of the VA Accountability Act. The Board considered whether it would be possible to sustain the agency's action based solely on any alleged post-June 23, 2017 neglect of duty, but it concluded that the action must be reversed because the underlying alleged instances of misconduct by the appellant's subordinates were "so factually interrelated that they cannot be fairly separated." *Id.*, ¶¶ 29-33 (quoting *Boss v. Department of Homeland Security*, 908 F.3d 1278, 1282-83 (Fed. Cir. 2018)).

¶14    In this case, as in *Brenner* and *Wilson*, the charge encompasses events that occurred both before and after the effective date of the VA Accountability Act. We have considered whether the charge might be sustained based solely on appellant's conduct after June 23, 2017. *See Brenner*, 990 F.3d at 1330. However, after a careful review of the record, we have determined that this case is similar to *Wilson*. As in *Wilson*, 2022 MSPB 7, ¶ 33, the notice of proposed removal in this case does not distinguish between misconduct that occurred before and after the effective date of the Act. IAF, Tab 7 at 29-30. Although most of the channel checks were performed on June 23 and 24, 2017, the

appellant cleaned most or all of those endoscopes on or before June 22. *Id.* at 33, 51-52. Our conclusion is supported by the fact that the appellant cleaned endoscopes on June 23, 2017, for only 35 minutes before the agency removed him from this work. *Id.* at 33, 39, 51-52. The agency then conducted the channel checks on the following 2 days "from the week," and concluded that seven endoscopes "were not clean[ed] correctly on [June 22, 2017]." *Id.* at 33, 52. Thus, all of the misconduct underlying the appellant's removal occurred on June 22, 2017, one day prior to the enactment of the VA Accountability Act, or earlier. The charges and the record suggest that the June 23 and 24, 2017, test results merely revealed misconduct that occurred before June 23, 2017. *Id.* at 29.

¶15 For these reasons, we find that the appellant's removal must be reversed. *See Wilson*, 2022 MSPB 7, ¶ 33. To the extent the agency wishes to take a new adverse action based on events occurring after June 23, 2017, it may do so under the procedures of 38 U.S.C. § 714 or 5 U.S.C. chapter 75. To the extent the agency wishes to rely on evidence of misconduct that predates the Act, it must proceed in accordance with 5 U.S.C. chapter 75. *See Brenner*, 990 F.3d at 1330.

**ORDER**

¶16 We ORDER the agency to cancel the removal action and restore the appellant effective September 9, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶17 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest

due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶18      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶19      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶20      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Su9999m amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.